**GUIFANG ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76465.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.[*]

Filed Dec. 8, 2006.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ste. C, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Daniel N. Shallman, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Guifang Zhang, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' order affirming, without opinion, an immigration judge's ("IJ") order deny-

ing Zhang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), we deny the petition for review.

The IJ found Zhang not credible based upon discrepancies among her application, written statement, and testimony regarding the circumstances of her introduction to Christianity, as well as a significant omission from her written statement regarding her actions upon her alleged release from detention. Because these discrepancies and the omission go to the heart of Zhang's claim, the IJ's adverse credibility determination is supported by substantial evidence. *See id.* Accordingly, Zhang has failed to establish eligibility for asylum or withholding of removal. *See id.* at 964.

Because Zhang's CAT claim is based on the same testimony that the IJ found to be not credible, and because she points to no other evidence that the IJ should have considered, she has failed to establish eligibility for relief under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.